. . THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING P. WEINER, Relator, *v.* ROBERT BARR, Warden of City Prison of the City of New York, Respondent.

Supreme Court, New York County, October 19, 1927.

**Crimes — wagering on prize. fight in violation of Penal Law, § 1712 — wager on boxing contest, duly licensed under Laws of 1920, chap. 912, § 3, as amd. by Laws of 1923, chap. 353, does not violate Penal Law, § 1712 — habeas corpus — total lack of jurisdiction may be raised.**

The relator, who was charged with a violation of section 1712 of the Penal Law, which makes it a crime to wager upon the result of a prize fight, is entitled to

<hr/>

* Affd., 223 App. Div. 862.    † Revd., 223 App. Div. 310.

be discharged upon a writ of habeas corpus, since it appears that the wager was placed on the outcome of a boxing contest which was duly licensed and permitted by the New York State Athletic Commission, pursuant to section 3 of chapter 912 of the Laws of 1920, as amended by chapter 353 of the Laws of 1923.

Section 1712 of the Penal Law relates only to a prize fight which is prohibited by section 1710 of the Penal Law, and section 1712 is not violated by wagering on the outcome of a duly licensed boxing contest.

In a habeas corpus proceeding the total lack of jurisdiction may be raised.

HABEAS CORPUS proceeding for discharge from custody.

*John Caldwell Myers,* for the relator.

*Joab H. Banton, District Attorney* [*Robert Daru* and *Albert B. Unger* of counsel]], for the respondent.

VALENTE, J.   The relator has sued out a writ of habeas corpus against the warden of the city prison, known as the Tombs, in whose custody he had been placed.   He has been charged with violation of section 1712 of the Penal Law, and held by the committing magistrate for trial before the Court of Special Sessions, city of New York.   The specific act ascribed to the relator, which was alleged to constitute a violation of section 1712 of the Penal Law, was that on February 18, 1927, he wagered $500 upon the result of the Delaney-Maloney boxing contest.

A preliminary objection is raised as to jurisdiction, namely, that, since the information herein has been filed in the Court of Special Sessions, the question involved cannot be raised by habeas corpus.   *People ex rel. Childs* v. *Knott* (187 App. Div. 604) on its peculiar facts fails to uphold this contention.   Of course, the sufficiency of the indictment or of the evidence is not to be tested by this writ; but where there appears, as is claimed here, a total lack of jurisdiction to hold or to bring the defendant to trial, the question is open to this court by such writ.   In the decision of the Court of Appeals in that case the exceptive features were again stressed.   There the court said (228 N. Y. 609): " There may be cases where the crime charged or the facts stated are so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus."

The duty of this court is, therefore, to see if the writ in the present case is so justified.   The district attorney has conceded that " the boxing contest between Jack Delaney and James Maloney was a boxing contest and sparring exhibition, open to the public referred to as one of those permitted to be held and licensed under section 3, chapter 912 of the Laws of 1920 and amended (Laws of 1921 chap. 714; Laws of 1923, chap. 353), * * * and that the licenses were duly issued both to the club which held the con-

test and to the participants pursuant to the provisions of the statute."

The issue between the relator and the district attorney may be summed up briefly as follows: Section 1710 of the Penal Law makes it a misdemeanor to engage in, instigate or further a prize fight. Section 1712 makes one who wagers upon the result of "such a fight" guilty of a misdemeanor. Was the Delaney-Maloney fight "such a fight," within the purview of section 1712 of the Penal Law, as would make the relator a misdemeanant, in view of the fact that the encounter was permitted by law and was legally staged?

At common law prize fighting was no crime. (*Sullivan* v. *State*, 67 Miss. 346, 352; *Fitzsimmons* v. *New York State Athletic Commission*, 146 N. Y. Supp. 117, 120.) The sport first received the attention of the criminal law in this State in 1856 by the enactment in that year as chapter 98 a statute entitled "An act to prevent prize fights and fights among game animals." "An act to prevent and punish prize fighting," chapter 37 of the Laws of 1859, amended by chapter 141 of the Laws of 1860, was the next legislative attempt in the same direction. In 1881 the Penal Code was adopted, containing section 460, which is the source by way of several amendments of the present section 1712 of the Penal Law.

We notice a reaction in favor of permitting prize fighting under regulation in the law, which was enacted by chapter 301 of the Laws of 1896, and which permitted sparring exhibitions under certain circumstances to be held in a building owned or leased by a domestic athletic association for a period of not less than one year. This opening, which proved too wide, was repealed in 1900. (Laws of 1900, chap. 270.) Chapter 779 of the Laws of 1911 created the New York State Athletic Commission and legalized boxing under State control. Section 12 of this act excepts from the operation of section 1710 of the Penal Law any boxing or sparring match conducted under license by the New York State Athletic Commission.

The law has been further modified by chapter 912 of the Laws of 1920 and chapter 714 of the Laws of 1921 known as the Walker Law. Section 28 of chapter 714 of the Laws of 1921 provides: " The provisions of section one thousand seven hundred and ten of the penal law shall not apply to any boxing, sparring or wrestling match or exhibition, conducted, held or given, pursuant to the provisions of this act, nor to any boxing, sparring or wrestling match or exhibition in which all the contestants are amateurs."

Section 1712 of the Penal Law, though it deals with betting and wagering, is not within an article of the Penal Law devoted to

betting or gambling as such. This section is part of article 164, which is entitled " Prize Fighting and Sparring." Section 1710, which is the first section of the article, defines the forbidden matches and makes any one who engages, instigates, aids, encourages or furthers one or challenges another to an encounter guilty of misdemeanor. Section 1711 defines a challenge. Section 1712 reads:

" 1712. Betting or stakeholding on fight. A person who bets, stakes, or wagers money or other property, upon the result of *such a fight* or encounter, or who holds or undertakes to hold money or other property so staked or wagered, to be delivered to or for the benefit of the winner thereof, is guilty of a misdemeanor."

Reading all these sections together, one is impressed with the obvious fact that the Legislature, in passing this section, is aiming its shafts at prize fighting and not at wagering. Training or coaching a fighter, challenging another to a contest, or betting on the result of a match, are prohibited only because they are invariably in the entourage of the prize fight itself, which is the *malum prohibitum*, and serve as its accessories and its encouragement. Betting on sports is not a crime, unless it comes within the gambling provisions of the Penal Law (§ 986). Only betting on the results of a sport outlawed by section 1710 is by section 1712 made a crime. (*People ex rel. Shane* v. *Gittens,* 78 Misc. 7, 12; *People ex rel. Collins* v. *McLaughlin,* 128 App. Div. 599, 614; *People* v. *McDonald,* 177 id. 806, 810.)

In the *McDonald* case, BLACKMAR, J., said: " Betting in itself, although not lawful (Penal Law, § 991), has never, except in the instance of betting on a prize fight (Penal Law, § 1712), been made a crime."

It is one who makes a wager on the result of " such a fight " as is described in section 1710 of the Penal Law who is guilty of a misdemeanor. When the cloak of illegality is stripped from the fight by a statute which renders that section inapplicable, then the taint of criminality disappears from a wager laid upon the result of such a contest. One cannot avoid the conclusion that the Legislature, in using the words " such a fight " in section 1712, meant such fights as were prohibited under section 1710. Since the Delaney-Maloney contest is concededly not within the latter, the relator is not guilty of a violation of the former. To be guided by any other interpretation is to permit one's own notions of morality and good living to supersede the standards erected by the Legislature.

There is no need to resort to the common-law principle requiring a penal statute to be strictly construed, which apparently has been set aside by section 21 of the Penal Law. The contention of the

district attorney that, had the Legislature intended to limit section 1712 to prize fights prohibited by section 1710, it would have used the language " in any fight, such as is mentioned in section 1710," is unconvincing. Good English usage permits greater brevity.

The writ of habeas corpus is sustained, and the relator should be ordered discharged from custody.